UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
STEVEN SAPHIRSTEIN, YOCHEVED CARLBACH, : Civil Action No.:
CINDY LEVY, and JUDY KAHN, individually and on : 15-CV-7264 ERK-MDG
behalf of all others similarly situated, :
:
Plaintiffs, :
:
v. :
: **AMENDED CLASS ACTION**
: **COMPLAINT AND JURY**
: **DEMAND**
:
MAUZONE MANIA LLC, PALACE FOODS LLC, :
FALCONE COOKIELAND, LTD., FALCONE :
BAKING CORP., ABC CORPORATIONS 1 – 10, :
and JOHN DOES 1 – 10, :
Defendants. :
---------------------------------------------------------------X

Plaintiffs, STEVEN SAPHIRSTEIN, YOCHEVED CARLEBACH, CINDY LEVY, and JUDY KAHN, by way of this Amended Class Action Complaint against defendants, on behalf of themselves and all others similarly situated, (as described herein), allege upon personal knowledge as to themselves, and, as to other matters, upon information and belief, including the investigation of counsel, as follows:

## NATURE OF THE ACTION

1.  This is a class action case brought on behalf of all purchasers of Mauzone Mania products in New York and the rest of the United States (except New Jersey), including the Fiber Biscotti, Fiber Breadsticks, Fiber Flatbreads, and Fiber Fruit Tarts. The products in question are manufactured, distributed, marketed, and/or sold by Mauzone Mania LLC, Palace Foods LLC, Falcone Cookieland, Ltd., Falcone Baking Corp., and/or the other defendants ("defendants"). Class members were damaged by defendants' misrepresentations, deceptive practices, and other improper actions. In particular, the defendants manufactured, distributed, marketed, and/or sold their "Mauzone Mania" products to consumers in New York and the rest of the United States and made misrepresentations, including that the

products were high in fiber, low in sugar, low in net carbohydrates, low in fat, and low in calories. In reality, the defendants' products have less fiber than represented, more sugar than represented, more net carbohydrates than represented, more fat than represented, and more calories than represented. Independent lab tests revealed that the defendants' representations about nutritional information and product information (hereinafter "nutritional information") were false. Thus, the defendants misrepresented the nutritional information of their products. Their deceptive business practices, unconscionable commercial practices, and concealment and/or omission of material facts constitute violations of the New York Consumer Protection from Deceptive Acts and Practices (Sections 349-350 of New York's General Business Law), ("New York Consumer Protection Act"), and/or other statutes and regulations.

2. Plaintiffs seek relief, including the following:

(a) An award of appropriate damages for all members of the class who purchased the defendants' products;

(b) Disgorgement from Defendants of all monies wrongfully obtained as a result of defendants' improper, unfair, and deceptive business acts;

(c) An injunctive order prohibiting defendants from engaging in the same improper acts in the future based on applicable Consumer Protection Laws and/or other grounds;

(d) Treble damages, punitive damages, and/or attorney's fees pursuant to the applicable statutes and/or other grounds;

(e) Certification of a Class (and/or Sub-Classes) as described herein or as the Court deems proper and just pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(f) Designation of plaintiffs' counsel as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(g) Designation of plaintiffs, and/or other class members, as Class Representative(s) pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(h) An award of attorney's fees to Class Counsel; and

(i) Such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because this action is between citizens of different states (including members of the class), a class action has been pled, and the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

4. Venue is proper in this District under 28 U.S.C. § 1391. One or more of the plaintiffs resides in this District. Further, defendants have offices in, and/or conduct business in, New York and in this District, and receive substantial compensation and profits from the sale of their products in New York and in this District.

5. This Court has personal jurisdiction over defendants to this action because defendants engage in substantial business in New York, some of the wrongdoing alleged took place in New York, and the defendants' principal place of business is in New York.

## PARTIES

6. The plaintiffs, Steven Saphirstein, Yocheved Carlebach, Cindy Levy, and Judy Kahn, are residents of Flushing, New York, Brooklyn, New York and Camas, Washington, who are filing this case in an individual capacity and as a class action on behalf of all other New York and Washington purchasers who are similarly situated and on behalf of purchasers across the United States (except New Jersey) who are similarly situated.

7. The defendants, Mauzone Mania LLC and Palace Foods LLC, Falcone Cookieland, Ltd., and Falcone Baking Corp., are companies with offices and/or operations at, and/or a business address in, Brooklyn, New York.

8.  The true names and capacities of defendants sued herein as ABC Corporations 1 – 10 and John Does 1 – 10 are presently unknown to plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek to amend this Complaint and include these unknown defendants' true names and capacities when they are ascertained. Each of the fictitiously-named defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by plaintiffs and the members of the class, including but not limited to involvement in the manufacturing, distribution, marketing and/or sale of the products as described herein.

9.  At all times mentioned herein, some of the defendants, and/or each and every defendant, were agents and/or employees of each other. In doing the things alleged herein, those defendants were acting within the course and scope of that agency and/or employment and were acting with the consent, permission and authorization of the other defendants.

## BACKGROUND FACTS

10. The defendants manufacture, distribute, market and/or sell products sold under the name "Mauzone Mania", including Fiber Biscotti, Fiber Breadsticks, Fiber Flatbreads, and Fiber Fruit Tarts. The defendants represented the products were high in fiber, low in sugar, low in net carbohydrates, low in fat and low in calories. In reality, the defendants' products have less fiber than represented, more sugar than represented, more net carbohydrates than represented, more fat than represented, and more calories than represented. Independent lab tests revealed the defendants' representations about nutritional information were false.

11. In particular, the four charts below of nutritional information compare the representations on the product's packaging and label with the actual lab analysis results. It is clear that the defendants misrepresented the product information.

| Fiber Biscotti Component | Packaging | Lab Analysis | Variance |
|---|---|---|---|
| Fiber | 13 Grams | 5 Grams | 38% |
| Fat | 0.5 Grams | 1 Gram | 200% |
| Sugar | 5 Grams | 10 Grams | 180% |

| | | | |
|---|---|---|---|
| Calories | 50 | 90 | 180% |
| Net Carbs | 9 Grams | 18 Grams | 200% |

| Fiber Breadsticks Component | Packaging | Lab Analysis | Variance |
|---|---|---|---|
| Fiber | 13 Grams | 7 Grams | 53% |
| Calories | 75 | 105 | 140% |
| Net Carbs | 6 Grams | 12 Grams | 200% |

| Fiber Flatbreads Component | Packaging | Lab Analysis | Variance |
|---|---|---|---|
| Fiber | 16 Grams | 10.5 Grams | 65% |
| Calories | 60 | 75 | 125% |
| Net Carbs | 6 Grams | 11.5 Grams | 191% |

| Fiber Fruit Tarts Component | Packaging | Lab Analysis | Variance |
|---|---|---|---|
| Fiber | 12 Grams | 3 Grams | 25% |
| Fat | 1 Gram | 3.5 Grams | 350% |
| Sugar | 2 Grams | 11 Grams | 550% |
| Calories | 50 | 110 | 220% |
| Net Carbs | 9 Grams | 18 Grams | 200% |

12. Defendants acted improperly and deceitfully by manufacturing, distributing, marketing and selling Mauzone Mania products with false labels and with related misrepresentations about the nutritional information and other product information.

13. Based on scientific lab reports, the nutritional information provided on the packaging and labels of the defendants' Mauzone Mania products is not true but instead misrepresents the information to class members, who are purchasers in New York, Washington State, and the entire United States (except New Jersey).

14. Defendants marketed and represented that the Mauzone Mania products had certain nutritional information knowing that it simply was not true. They did so, and made the other misrepresentations described herein, while concealing the actual product information. The defendants' concealment and misrepresentations were improper, deceitful and unlawful.

15. The defendants continue to advertise, promote, and sell their Mauzone Mania products despite the fact that they know their statements are blatant misrepresentations. Consumers agree to pay a specific amount for the defendants' Mauzone Mania products, unaware of the misrepresentations.

16. The defendants' misrepresentations and other improper actions were deceptive business practices and violated the New York Consumer Protection from Deceptive Acts and Practices (Sections 349-350 of New York's General Business Law), ("New York Consumer Protection Act"), and/or other statutes and regulations.

17. The aforementioned purchasers are subjected to the defendants' false labeling and deceptive practices described herein. The misrepresentations are material factors in a purchaser's decision, as they believe they are purchasing a product that is accurately and truthfully described on the label and packaging.

18. The New York Consumer Protection from Deceptive Acts and Practices (Sections 349-350 of New York's General Business Law), ("New York Consumer Protection Act"), and/or other statutes and regulations are designed to protect consumers from these types of false representations and deceptive practices. The defendants' improper actions and deceptive practices fraudulently induced consumers to purchase defendants' Mauzone Mania products at inflated prices and/or induced consumers to purchase the products when they would not have done so if they knew the truth.

## STATEMENT OF FACTS

19. The plaintiffs and the proposed class members are New York purchasers of the defendants' "Mauzone Mania" products and purchasers of the products from Washington State as well as across the United States (except New Jersey).

20. Over the past year or more, plaintiff Steven Saphirstein has purchased the defendants' Mauzone Mania products, including regular purchases throughout 2014 and 2015, at Seasons.

21. Over the past year or more, plaintiff Yocheved Carlebach has purchased the defendants' Mauzone Mania products, including regular purchases throughout 2015, and/or before, at Moisha's

Discount Supermarket in Brooklyn, New York.

22. Over the past year or more, plaintiff Cindy Levy has been purchasing the defendants' Mauzone Mania products, including regular purchases for years and throughout 2015, at Goldbergs and Moisha's Discount Supermarket in Brooklyn, New York.

23. Over the past year or more, plaintiff Judy Kahn has purchased the defendants' Mauzone Mania products, including regular purchases throughout 2015, and/or before, at Netrition.com and VitaCost.com.

24. As alleged herein, at the time of plaintiffs' purchases, the packaging, the labels and/or other product materials accompanying the defendants' products prominently stated nutritional information that was inaccurate and which were misrepresentations to consumers. (See charts above.)

25. When plaintiffs, and class members, purchased the defendants' products they saw and relied upon the representations about nutritional information and the related representations that were prominently displayed on all of defendants' products. (Reliance is not required and this allegation in the Complaint should not be construed to suggest it is required.)

26. Simply stated, plaintiffs and class members were deceived as a result of defendants' false labeling and other misrepresentations. Their purchasing decisions were influenced by the nutritional and related representations made by defendants about the products. Plaintiffs believed at the time they purchased the products that they were buying a product of unique nutritional traits and which was healthy, high in fiber, low in fat, low in sugar, low in calories, and low in net carbohydrates.

27. Plaintiffs suffered an ascertainable loss because plaintiffs' money was taken by defendants as a result of defendants' false claims and misrepresentations described herein. Furthermore, plaintiffs suffered an ascertainable loss by paying for something they believed was genuinely as represented, when it was not. Once the truth is revealed, the products are not worth the purchase price paid and/or are not what they are represented to be. Plaintiffs and Class members are entitled to monetary damages and

injunctive relief.

28. The products the plaintiffs purchased from defendants were not as represented and defendants' actions relating thereto were improper and deceptive.

29. Plaintiffs received products of lesser value than the product promised, and/or of different content than promised, and have suffered an ascertainable loss. The plaintiffs did not receive the benefit of their bargain and did not receive what they expected based on defendants' representations.

30. The defendants made false and/or misleading statements in their advertisements, sales materials, product labels, and accompanying information. The defendants' deception is material in that it is likely to influence the purchasing decision of consumers.

31. The defendants made false and misleading statements and representations of fact.

32. The defendants' acts, practices and advertisements were materially deceptive and misleading.

33. The defendants' false and misleading acts, practices and advertisements deceived plaintiffs and the class and/or had a tendency to deceive the class.

34. The defendants' deceptive practices, misrepresentations and/or omissions, were material to reasonable consumers and were likely to influence the purchasing decision of plaintiffs and the class.

35. Defendants knew, recklessly or intentionally disregarded, and/or reasonably should have known but did not know, about their improper acts, practices and advertisements.

36. When defendants learned about the investigation of their products, they took additional deceptive steps and made additional misrepresentations, including advertising and/or marketing which misrepresented that they had their own lab tests done which proved their product claims are accurate but in reality their lab tests did not actually test the products. The defendants posted those new misrepresentations on their website and/or disseminated it elsewhere.

37. The class members have no complete, speedy, and adequate remedy at law with respect to the defendants' fraud and misrepresentations as well as defendants' other improper acts and/or omissions.

Plaintiffs, and/or the general public, will suffer continuing, immediate, and irreparable injury as a proximate cause of defendants' actions absent injunctive and equitable relief by this Court.

38.   Defendants are presently continuing with their improper acts, practices and omissions and a permanent injunction is required to make certain that the defendants stop doing so. Since most class members' individual claims for damages are likely to be modest, the expenses and burdens of litigating individual claims for damages are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them. Important public interests will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized, and the potential for inconsistent or contradictory judgments will be avoided.

## CLASS ACTION ALLEGATIONS

### Class Definition

39.   Plaintiffs file this case in their individual capacities and as a class action on behalf of themselves and all others similarly situated. They and/or other class member(s) who will be named as "class representative(s)" at the time a motion is filed to certify the proposed class will represent the class, which is composed of all persons in New York, Washington State, and/or in the United States (except New Jersey) who purchased the defendants' products. The class period will be determined.

40.   In addition, there may be a sub-class of New York residents, Washington residents, and/or residents of other states and/or sub-classes of consumers who purchased at specific retail stores and/or directly from defendants.

### Numerosity and Impracticable Joinder

41.   The class is composed of thousands of persons geographically dispersed throughout New York and other parts of the United States, the joinder of whom in one action is impracticable. The disposition of their claims in a class action will provide substantial benefits to all parties and the Court.

The class is sufficiently numerous since it is estimated that there are thousands of consumers in New York, Washington, and/or in the United States (except in New Jersey) who come within the class(es).

**Risk of Inconsistent or Varying Adjudications**

42. Prosecution of separate actions by Class members would risk inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants.

43. Adjudications by individual members of the Class would, as a practical matter, be potentially dispositive of the interests of other members of the Class and substantially impair or impede their ability to protect their interests. Class-wide adjudication of these claims, therefore, is appropriate.

44. Class-Wide Injunctive/Declaratory Relief. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole appropriate and rendering class-wide adjudication of these claims appropriate.

**Common Questions of Law and Fact**

45. Class members have a common interest in the questions of law and/or fact involved in this matter and how they will be decided. These factual and/or legal questions common to the Class predominate over individual factual or legal questions. The common questions of law and/or fact include the following:

    (a) Whether the defendants acted improperly towards the class, including their misrepresentations and other deceptive practices concerning their Mauzone Mania Products, which are described herein;

    (b) Whether the defendants violated applicable laws and regulations, including the New York Consumer Protection Laws, Washington Consumer Laws, and other laws and regulations;

    (c) Whether the defendants knew, recklessly disregarded, or reasonably should have

known that their acts and practices violated applicable laws and regulations, including the New York Consumer Protection Laws, Washington Consumer Laws, and other laws and regulations;

(d) Whether the defendants' acts and practices were fraudulent and/or negligent;

(e) Whether the defendants engaged in practices intending to, or likely to, deceive reasonable consumers;

(f) Whether the defendants' advertisements, product labels and related materials contain misrepresentations and/or false statements concerning the product, as described herein;

(g) Whether the defendants made false or misleading statements or representations of fact;

(h) Whether the defendants deliberately misrepresented or failed to disclose material facts to the plaintiffs and the class members;

(i) Whether the defendants engaged in practices that were false and/or deceptive to consumers, either intentionally or negligently;

(j) Whether there should be equitable and injunctive relief to protect future customers of the defendants; and

(k) Whether the plaintiffs and class members should be awarded treble damages and attorney's fees pursuant to the New York Consumer Protection Laws, Washington Consumer Laws, and/or other laws and regulations;

(l) Whether defendants, through their misconduct, have been unjustly enriched at the expense of plaintiff and other class members; and

(m) Whether plaintiff and the class are entitled to damages (including statutory damages) and/or restitution from the defendants.

**Typicality**

-11-

46. The individual plaintiffs, and/or other class representative(s) to be named, are asserting claims that are typical of the claims of the entire class and/or sub-classes, and the class representative(s) will fairly and adequately represent and protect the interests of the class. They have no interests that are antagonistic to those of the other members of the class.

47. The factual basis of the claims concerning the defendants' misconduct are common to the members of the Class and represent a common thread of fraudulent misconduct and deceptive business practices resulting in ascertainable loss to all class members. Plaintiffs are asserting the same rights, making the same claims, and seeking the same relief for themselves and all other members of the proposed Class.

**Fair and Adequate Representation**

48. The class representative(s) will fairly and adequately represent and protect the interests of the class. They have no interests that are antagonistic to those of the other members of the class. The individual plaintiffs have retained counsel who is competent and experienced in the handling of litigation, including class action litigation and consumer fraud cases. Counsel will fairly and adequately represent and protect the interests of the class.

**Predominance of Common Question of Law or Fact**

49. There are common questions of law or fact that predominate over any questions affecting only individual members of the Class. These common legal or factual questions include those listed herein.

**Superiority of Class Action Procedure**

50. The individual plaintiffs and the members of the class have all suffered harm and/or damages as a result of defendants' misrepresentations, improper actions, unlawful and wrongful conduct, and deceptive practices.

51. A class action is superior to all other available methods for the fair and efficient adjudication of those claims. Individual litigation of the claims of all class members is not economically

feasible and is procedurally impracticable. While the aggregate damages sustained by the Class may be substantial amounts, the individual damages incurred by each class member resulting from defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual class members prosecuting their own separate claims is remote, and, even if every class member could afford individual litigation, the Court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments. Individualized litigation would magnify the delay and expense to all of the parties and to the Court system because of multiple trials of the same factual and legal issues. There will be no difficulty encountered in the management of this action that would preclude its maintenance as a class action. In addition, defendants have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate. Absent a class action, Defendants will likely retain a substantial amount of money, including millions of dollars, received as a result of its wrongdoing and misleading conduct. Their improper actions would go un-remedied and uncorrected. Absent a class action, the class members will not receive restitution. In addition, damage to future customers of the defendants will continue absent equitable and injunctive relief. Class action treatment of these claims is superior to handling the claims in other ways.

52. Class certification of this matter will be appropriate under Rule 23.

## CLAIMS

53. Pursuant to notice pleading, plaintiff hereby alleges each and every cause of action and remedy at law or in equity supported by the facts alleged in this Complaint. Those causes of action and remedies at law or in equity include the following:

**COUNT ONE**
**VIOLATIONS OF NEW YORK'S GENERAL BUSINESS LAW, SECTIONS 349-350**
**AND/OR OTHER CONSUMER PROTECTION LAWS**
**(CONSUMER PROTECTION LAWS)**

54. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "53", inclusive with the same force and effect as though the same was more fully set forth at length herein.

55. Sections 349 and Section 350 of the New York General Business Law (hereinafter "New York Consumer Protection Laws") state, in relevant part:

> **New York General Business – Article 22-A - § 349**
> **Deceptive Acts and Practices Unlawful**
>
> General Business
> § 349. Deceptive acts and practices unlawful. (a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.
>
> **New York General Business – Article 22-A - § 350 False Advertising Unlawful**
>
> § 350. False advertising unlawful. False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful.

56. Defendants violated the New York Consumer Protection Laws by engaging in the improper and deceptive practices that are described in detail in this Complaint.

57. Defendants violated the Act by making misrepresentations to consumers, by improper actions and conduct, and by deceptive practices, as described herein, as well as through other acts, misrepresentations, failures and omissions described herein. The defendants' act and omissions are in violation of the Act.

58. The elements of Section 349 have been satisfied. The improper and deceptive business practices of the defendants and/or their agents were: (1) consumer-oriented (the plaintiff and the class are consumers); and (2) misleading in a material respect (misrepresenting to consumers the nutritional information and/or other product information as described herein, which is obviously misleading in a material respect); and (3) the plaintiff and the class were injured as a result of the deceptive act or practices (the consumers paid money to defendants, causing obvious damages).

59. Defendants have engaged in deceptive, unconscionable, unfair, fraudulent and misleading commercial practices in the manufacturing, distribution, marketing, and sale of their Mauzone Mania products, including Biscotti, Breadsticks, Flatbreads, and Fruit Tarts.

60. Defendants represented that their products had characteristics and/or qualities that they did not have, and that their goods were of a particular standard, quality or grade, which was not true.

61. In their manufacturing, distribution, marketing, and sale of the products, defendants undertook active and ongoing steps to conceal the truth and have consciously withheld material facts from plaintiffs and other members of the Class with respect to the products.

62. Defendants' conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances. The defendants' misrepresentations were material facts that a reasonable and/or unsophisticated consumer would attach importance to at the time of purchase. These facts would influence a reasonable consumers' choice of action during the purchase of their products.

63. Defendants intended that the plaintiffs and the other members of the Class would rely on their acts of concealment and omissions (although reliance is not required under the Consumer Protection Laws and other applicable statutes and regulations) by purchasing the products at full price rather than paying less for them or purchasing competitors' products or not buying defendants products.

64. Had defendants disclosed all material information to plaintiffs and other members of the Class, they would not have purchased the products, or they would have paid less for them.

65. The defendants' improper and deceptive business practices are also in violation of Section 350. The defendants' actions, as described in detail in this Complaint, constitute false advertising.

66. Defendants violated the aforementioned laws by their unconscionable acts and practices described herein, including misrepresentations, actions, failures and/or omissions.

67. The individual plaintiff and class members were caused to suffer damages as a result of defendants' acts and/or omissions, including ascertainable losses.

68. Defendants' acts and practices were deceptive, fraudulent, false, concealing and/or

misleading. The defendants made misrepresentations to the customers, both affirmatively and by omission.

69. Their acts and/or omissions are in violation of the New York Consumer Protection Laws and other statutes and regulations, and the plaintiffs and other class members in New York, Washington, and in other States besides New Jersey have been damaged and are entitled to damages.

70. Defendants' conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting numerous consumers.

71. As a result of the foregoing acts, omissions, and practices, plaintiffs and other members of the Class have suffered an ascertainable loss as a result of purchasing the defendants' products. Plaintiffs are entitled to recover damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

## COUNT TWO
## FRAUD/INTENTIONAL MISREPRESENTATION

72. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "71", inclusive with the same force and effect as though the same was more fully set forth at length herein.

73. Defendants knowingly and intentionally made misrepresentations and fraudulent and false statements of material facts in connection with the manufacturing, distribution, marketing and sale of the products, as described in detail herein.

74. The representations, misrepresentations, and/or omissions were likely to mislead a reasonable consumer acting reasonably under the circumstances.

75. Defendants intended for plaintiff and class members to rely on their material misrepresentations of fact.

76. Plaintiff and class members reasonably and justifiably relied on defendants' material misrepresentations, unaware of the falsity of defendants' representations, and had a right to rely on those

representations.

77. The individual plaintiff and the class members were caused to suffer damages as a result of defendants' acts and/or omissions.

## COUNT THREE
## EQUITABLE AND INJUNCTIVE RELIEF, INCLUDING PURSUANT TO NEW YORK GENERAL BUSINESS LAW, SECTION 349(h)

78. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "77", inclusive with the same force and effect as though the same was more fully set forth at length herein.

79. The class has no complete, speedy, and adequate remedy at law with respect to the fraud, misrepresentations, and/or improper and deceptive business practices by the defendants (as described in detail in this Complaint). The class and others, including the general public, will suffer continuing, immediate, and irreparable injury as a proximate cause of defendants' actions and/or omissions absent injunctive and equitable relief by this Court. The defendants must be ordered to stop such improper and deceptive business practices in order to prevent future harm, as is authorized in the applicable Consumer Laws.

80. Section 349 includes a provision about injunctive relief, which provides as follows:

> (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.

81. Thus, plaintiff and class members are specifically authorized under the Statute to seek injunctive relief and have the defendants enjoined from continuing their unlawful, improper and deceptive practices.

## COUNT FOUR
## UNJUST ENRICHMENT

82. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "81", inclusive with the same force and effect as though the same was more fully set forth at length herein.

83. The defendants' improper and unlawful activities (as described in detail in this Complaint), including misrepresentations and other deceptive practices in the marketing and sale of their products, resulted in the unjust enrichment of the defendants. The defendants were unjustly enriched in the amount of money made by them through the sale of their products.

84. The class has been damaged in the amount that the defendants were unjustly enriched and/or the amounts they paid and their damage was caused by the defendants' acts and/or omissions.

## COUNT FIVE
## FRAUDULENT CONCEALMENT/NON-DISCLOSURE

85. Plaintiffs repeat and reiterate each and every allegation contained in the paragraphs of this Complaint marked and designated "1" through "84", inclusive with the same force and effect as though the same was more fully set forth at length herein.

86. Defendants knew, or were reckless in not knowing at the time of sale, that the products were not made as represented and marketed.

87. Defendants fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution, the true information concerning how the product was made.

88. Defendants had exclusive knowledge of that information at the time of sale. The information is not something that plaintiffs or class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

89. Defendants had the capacity to, and did, deceive consumers into believing that they were purchasing products that were made as represented and marketed.

90. Defendants undertook active and ongoing steps to conceal the truth because defendants knew or should have known that they alone could alert consumers.

91. The facts concealed and/or not disclosed by defendants were material facts in that a reasonable person would have considered them important in deciding to purchase defendants' products.

92. Plaintiffs and class members were damaged as a result of defendants' fraudulent concealment and/or non-disclosure.

## PRAYER FOR RELIEF

**WHEREFORE**, as a result of the forgoing, plaintiffs on behalf of themselves and their individual claims, as well as on behalf of all other persons similarly situated, pray for the following relief:

A. an Order certifying the class, appointing the named plaintiffs as class representatives, and appointing plaintiffs' counsel as class counsel;

B. an Order awarding compensatory damages to plaintiffs and all members of the class for all claims in the Complaint;

C. an Order requiring disgorgement of defendants' ill-gotten gains to pay restitution to plaintiffs and all members of the class, and to restore to the public all funds acquired by means of any act or practice declared by this Court to be unlawful, fraudulent or unfair business acts or practices, a violation of laws, statutes, or regulations, or constituting unfair competition or false, untrue or misleading advertising;

D. an Order providing for equitable and injunctive relief, including an Order directing defendants to immediately stop their improper and deceptive business practices and prohibiting the sale of their products until the misrepresentations are corrected and a product recall with notice to consumers, refund to consumers, and/or other relief;

E. treble damages pursuant to the New York Consumer Laws in connection with defendants' illegal and improper actions;

F.  that this Court award attorney's fees and costs of suit to the plaintiff and the Class, including attorney's fees under the New York Consumer Laws and other applicable laws; and

G.  such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 22, 2016

GAINEY McKENNA & EGLESTON

_____
Barry J. Gainey (7560)
*Attorneys for Plaintiffs*
95 Route 17 South, Suite 310
Paramus, New Jersey 07652
T: (201) 225-9001
F: (201) 225-9002
E-Mail: bgainey@gme-law.com