```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

STEVEN SAPHIRSTEIN, et al.,

                    Plaintiffs,        ORDER

         - against -                   CV 15-7264 (ERK)(MDG)

MAUZONE MANIA LLC, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - -X
```

In a status report filed on June 23, 2016, plaintiffs request an order permitting service of process on defendants Mauzone Mania LLC and Palace Foods LLC by mailing a copy of the amended pleadings to the New York attorney who represents those defendants in a different matter.  See ct. doc. 14.

### BACKGROUND

According to an affidavit of service filed by plaintiffs, a process server served Palace Foods LLC on January 6, 2016 by delivering the summons and complaint to a "Managing Agent," who stated that he was authorized to accept service for Palace Foods LLC.  See ct. doc. 7-1.  Counsel for plaintiffs subsequently spoke with counsel for defendants in another matter, who told him that the person served was not authorized to accept service.  See

ct. doc. 14 at 1.  Plaintiffs advise that they made another attempt to serve Palace Foods LLC and served a man "who indicated that he was authorized to accept service."  Id.  However, plaintiffs have not filed an affidavit of service with respect to this second attempt.

By order dated March 22, 2016, this Court granted plaintiffs an extension of time to serve defendant Mauzone Mania LLC.  See electronic order dated 3/22/16.  Plaintiffs claim that their prior attempts to serve Mauzone Mania LLC at the address listed with the New York State Department of State were unsuccessful because Mauzone is not located there.  Plaintiffs further explain that they could not serve Mauzone Mania LLC through its registered agent because the registered agent had revoked authorization.  See Certificate of Barry J. Gainey, Esq. (ct. doc. 9) at 2.

On June 22, 2016, plaintiffs filed an amended complaint adding as defendants Falcone Cookieland, Ltd. and Falcone Baking Corp.  See ct. doc. 12.  Plaintiffs now seek to serve the amended pleadings on Mauzone Mania LLC and Palace Foods LLC by mailing copies to the New York attorney who represents those defendants on a different matter.

DISCUSSION

Plaintiffs seek authorization for alternative service on Palace Foods LLC and Mauzone Mania LLC, but provide no legal basis for the service proposed.  Under New York law, personal service on a limited liability is governed by Section 311-a of the C.P.L.R.  Service may be made by delivery of a copy to any member or manager of the limited liability company in New York, to any other agent authorized by appointment to receive process, or to any person designated by the limited liability company to receive process.  N.Y. C.P.L.R. § 311-a(a).  Service may also be made on the Secretary of State, as discussed more fully below.  See N.Y. L.L.C. Law § 301(a); N.Y. C.P.L.R. § 311-a(a) (permitting service of process upon a limited liability company pursuant to article 3 of the Limited Liability Law).  If service is impracticable under any of these methods, the court may authorize an alternative method of service.  See N.Y. C.P.L.R. § 311-a(b).

New York Limited Liability Company Law section 301 designates the Secretary of State as the agent of every domestic limited liability company upon which process may be served.  N.Y. L.L.C. Law § 301(a); N.Y. C.P.L.R. § 311-a(a).  Pursuant to the

statute, the Secretary of State must mail a copy of process served upon him or her as agent to the address provided by the limited liability company until it files a certificate directing mailing to a different address. Id. § 301(c). Every limited liability company is required to update their address with the Secretary of State biennially. Id. § 301(e)(1). A process server's affidavit that service upon defendant was effected by delivery to the Secretary of State creates a presumption of proper service. See Trini Realty Corp. v. Fulton Center LLC, 53 A.D.3d 479, 479-80 (2d Dep't 2008).

    Plaintiffs attempted to serve both limited liability defendants only by service at the addresses they listed with the New York Secretary of State. With respect to Palace Foods LLC, plaintiffs twice served persons who advised the process server that they were authorized to accept service. Plaintiffs state that their counsel learned from counsel representing this defendant in an unrelated case that the company conducted business at the location where service was effectuated but that the first person was not authorized to accept service. In the absence of an affidavit for the second service attempt and other information about the person served, it is not clear whether

-4-

proper service was made on a person authorized to accept process for this limited liability company.  In contrast, plaintiffs state that when they attempted to serve Mauzone Mania LLC at its address listed with the Secretary of State, there was no evidence the company conducted business there.

Despite these attempts to serve the two companies at their business addresses, this Court is not persuaded that plaintiffs have demonstrated that service is impracticable under C.P.L.R. § 311-a(a) to warrant authorization for alternative service under § 311-a(b).  As discussed above, service on a limited liability company may be effectuated by service upon the Secretary of State, the company's designee by statute.  Plaintiffs have not attempted delivery upon the Secretary of State.  Although plaintiffs believe that the listed address for Mauzone Mania LLC is not now valid, plaintiffs may nonetheless serve the Secretary of State since service upon the Secretary of State as agent for a defendant constitutes valid service even where the defendant does not receive process due to its failure to update its address with the Secretary of State.  See Associate Imports, Inc. v. Leon Amiel Publisher, Inc., 168 A.D.2d 354 (1st Dep't 1990); Union Indem. Ins. Co. of N.Y. v. 10-01 50th Ave. Realty Corp., 102

-5-

A.D.2d 727, 728 (1st Dep't 1984).  A defendant's failure to keep a current address on file with the Secretary of State is not a "reasonable excuse" for its default.  See Dela Cruz v. Keter Residence, LLC, 115 A.D.3d 700 (2d Dep't 2014); J & S Construction of NY, Inc. v. 321 Bowery LLC, 39 A.D.3d 391 (1st Dep't 2007); Lawrence v. Esplanade Gardens, 213 A.D.2d 216 (1st Dep't 1995); see also FedEx TechConnect, Inc. v. OTI, Inc., 2013 WL 5405699, at *4-*5 (S.D.N.Y. Sept. 23, 2013).  If Mauzone Mania LLC allowed the address on file with the Secretary of State to lapse, it did so at its own peril.  Mauzone Mania cannot avoid service of process by failing to update its address as required by the Limited Liability Company Law.

Thus, plaintiffs' request to serve counsel for Palace Foods LLC and Mauzone Mania LLC is denied.  If plaintiffs elect to serve these defendant via the Secretary of State, plaintiffs must also mail a copy of the amended pleadings to those defendants' attorney to facilitate actual notice.

**SO ORDERED.**

Dated:    Brooklyn, New York
          July 8, 2016

                                        /s/
                                       MARILYN D. GO
                                       UNITED STATES MAGISTRATE JUDGE