| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
|---|---|
| STEVEN SAPHIRSTEIN, YOCHEVED CARLBACH, CINDY LEVY, and JUDY KAHN, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>– against –<br><br>MAUZONE MANIA LLC, PALACE FOODS LLC, FALCONE COOKIELAND, LTD., FALCONE BAKING CORP., ABC CORPORATIONS 1-10, and JOHN DOES 1-10<br><br>       Defendants. | **MEMORANDUM & ORDER**<br><br>15-CV-7264 (ERK)(RML) |

KORMAN, *J.*:

  Steven Saphirstein, Yocheved Carlebach, Cindy Levy, and Judy Kahn filed a complaint on behalf of all purchasers of Mauzone Mania products in New York and the rest of the United States, except New Jersey. They allege that Mauzone Mania LLC, Palace Foods LLC, and/or other defendants misrepresented the nutritional information of the products that they manufactured, distributed, marketed, and/or sold. Compl. ¶ 1. The named plaintiffs are "regular" purchasers of Mauzone Mania products that "saw and relied upon" the nutritional information in the products' labels. Compl. ¶¶ 19, 25.

  After the plaintiffs conducted an independent laboratory study to test the nutritional value of the Mauzone Mania products, the products actually had less fiber, more sugar, more net carbohydrates, more fat, and more calories than the labels represented. Compl. ¶ 1. The plaintiffs included four charts, one for each product allegedly misrepresented, detailing the grams of fiber, calories, carbohydrates, sugar, and fat as per the packaging label, the grams as per the lab analysis,

1

and the variance between the two. Compl. ¶ 11. The laboratory analysis revealed that the claimed and actual nutritional values differed considerably. For example, one of the products contained more than five times as much sugar as the label purported it to contain. Compl. ¶ 11.

The plaintiffs allege that the misrepresentations "induced consumers to purchase defendants' Mauzone Mania products at inflated prices and/or induced consumers to purchase the products when they would not have done so if they knew the truth." Compl. ¶ 18. Thus, the plaintiffs assert that the defendants (1) violated N.Y. Gen. Bus. Law ("GBL") §§ 349 and 350, Compl. ¶ 56, "prohibit[ing] deception of consumers and false advertising," *Orlander v. Staples, Inc.*, 802 F.3d 289, 292 (2d Cir. 2015), (2) knowingly and intentionally made fraudulent misrepresentations, Compl. ¶ 73, and (3) fraudulently concealed from and/or intentionally failed to disclose to the plaintiffs the true information concerning how the product was made, Compl. ¶ 87. Claims (2) and (3) are both common law fraud causes of action. The plaintiffs seek several types of relief, including over $5,000,000 in monetary damages and a permanent injunction "prohibiting the defendants from engaging in the same improper acts in the future based on applicable Consumer Protection Law and/or other grounds." Compl. ¶¶ 2-3.

Falcone Cookieland, Ltd. and Falcone Baking Corp. ("Falcone Defendants") were added as parties to this action in an amended complaint after Mauzone Mania LLC and Palace Foods LLC failed to answer the complaint and after the plaintiffs were directed to move for entry of default—a motion that was made. *See* ECF No. 12, 13. The amended complaint did not provide any further information identifying the roles of the individual defendants in the alleged misconduct. This "lumping" together of multiple defendants is referred to as "group pleading." *Mahoney v. Endo Health Sols., Inc.*, No. 15CV9841 (DLC), 2016 WL 3951185, at *3 (S.D.N.Y. July 20, 2016). The Falcone Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6) to dismiss the complaint in its entirety or, in the alternative, pursuant to Fed. R. Civ. P. 12(f), to strike the nationwide class allegations.

## DISCUSSION

**I. Standing**

*A. Monetary Damages*

The "irreducible constitutional minimum of standing" requires the plaintiffs to show that (1) they have suffered an injury-in-fact, (2) the injury is fairly traceable to the challenged conduct of the defendants, and (3) the injury will likely be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "When the defendant asserts a 'facial' challenge to standing, [] it remains the case that courts should continue to draw from the pleadings all reasonable inferences in the plaintiff's favor and are to presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *John v. Whole Foods Mkt. Grp.*, Inc., 858 F.3d 732, 737 (2d Cir. 2017) (quoting *Lujan*, 504 U.S. at 561) (internal citations omitted).

This holding is a sufficient response to the defendants' facial challenge to the plaintiffs' standing. Specifically, the defendants argue that the plaintiffs failed to demonstrate that they suffered an injury-in-fact because they do not expressly allege that they purchased one of the four misrepresented Mauzone Mania products mentioned in the charts. Def. Br. 9. The Supreme Court, however, has held that "economic injury suffices as a form of injury-in-fact." *Hughes v. Ester C Co.*, 930 F. Supp. 2s 439, 453 (E.D.N.Y. 2013). To establish economic injury, the plaintiffs need only allege that they relied on the truth of a label and were deceived by the misrepresentations into making a purchase. *Id.* at 453-54. "[W]hen, as here, 'Plaintiffs contend that class members paid more for [a product] than they otherwise would have paid, or bought it when they otherwise would not have done so[,]' they have suffered an Article III injury in fact." *Hinojos v. Kohl's Corp.*, 718

F.3d 1098, 1104 n.3 (9th Cir. 2014)); Compl. ¶ 18.

   B. *Injunctive Relief*

In the complaint, the plaintiffs also seek a permanent injunction to enjoin the defendants "from continuing their unlawful, improper, and deceptive practices," Compl. ¶ 81, but the plaintiffs have not demonstrated any likelihood that they will buy the mislabeled products in the future. NY GBL § 349 permits and encourages a private person to enjoin false advertising by bringing an action in his own name, but it is well settled that an individual must allege a "sufficient future injury to establish standing to assert [] claims for injunctive relief." *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 256 (E.D.N.Y. 2014) (Korman, J.); *see City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 1670, 75 L. Ed. 2d 675 (1983); *see also In Re Avon Anti-Aging Skincare Creams and Products Mktg. and Sales Practices Litig.*, No. 13-CV-150 JPO, 2015 WL 5730022, at *8 (S.D.N.Y. Sept. 30, 2015) ("Some district courts . . . have allowed such claims to go forward because the contrary rule would preclude injunctive relief in false advertising cases . . . Article III does not permit this sort of public policy exception.") (citations omitted); *Kommer v. Bayer Consumer Health*, No. 16 CIV. 1560 (DAB), 2017 WL 2231162, at *4 (S.D.N.Y. May 18, 2017) (same). As in *Tomasino*, the named plaintiffs' knowledge of the mislabeling undermines any contention that they might purchase the products again. *Tomasino*, 44 F. Supp. 3d at 256. And speculation that other members of the proposed class may purchase the mislabeled products in the future does not change the analysis. *Id.* Moreover, the New York State Attorney General may bring an action to enjoin the kind of false advertising alleged here. *See* N.Y. Gen. Bus. Law 349(b).

## II. Sufficiency of the Complaint

### A. *Impermissible Group Pleading*

The Falcone Defendants argue that the complaint does not adequately put the defendants on notice of the GBL claims—the sufficiency of which are reviewed under Fed. R. Civ. P. 8(a)—or of the common law fraud claims—the sufficiency of which are reviewed under Fed. R. Civ. P. 9(b). Def. Reply 7, 15. While Rule 8(a) is applied liberally, Rule 9(b) requires that plaintiffs "state with particularity the circumstances constituting fraud," although scienter "may be alleged generally." Fed. R. Civ. P. 9(b). Because of the kind of group pleading at issue here, however, the distinction between these two standards is irrelevant. A complaint "is inadequate to state a claim" where it "does not allege a single fact connecting [a defendant] to the alleged [misconduct], but rather asserts only conclusions about 'defendants.'" *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014). "[S]uch 'group pleading' fails to give each defendant fair notice of the claims against it, and, thus, fails to satisfy either the notice-pleading requirements of Rule 8 or the heightened pleading standard under Rule 9(b)." *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036 JS ETB, 2013 WL 1332725, at *5 (E.D.N.Y. Mar. 29, 2013) (internal quotation marks and citations omitted).

In the present case, the plaintiffs simply state that all "defendants manufacture, distribute, market and/or sell products sold under the name 'Mauzone Mania.'" Compl. ¶ 10. The complaint fails to distinguish the roles of the Falcone Defendants from the other defendants, but rather refer to them collectively as 'Defendants.' Indeed, even in the "PARTIES" section of the complaint, the plaintiffs fail to provide specific descriptions of the defendants, instead merely stating that "[t]he defendants; Mauzone Mania LLC and Palace Foods LLC, Falcone Cookieland, Ltd., and Falcone Baking Corp., are companies with offices and/or operations at, and/or a business address in,

Brooklyn, New York." Compl. ¶ 7. Based on these exceedingly vague allegations as to the identities and roles of the various defendants, a reasonable inference cannot be drawn that the Falcone Defendants themselves are liable for the alleged nutritional mislabeling. Thus, the GBL and common law fraud claims are dismissed with leave to replead within 30 days of the date of this order.

### B. *Product Details*

The Falcone Defendants make two additional arguments against the GBL claims and pursuant to Rule 8(a). First, they argue that the "[p]laintiffs' failure to plead facts demonstrating that they purchased any of the Products extinguishes their [GBL] claims," Def. Br. 11, because they cannot prove that they were "misled by the Falcone Defendants or that they suffered any injury as a result." Def. Br. 11-12. Because it can be reasonably inferred from the complaint that the plaintiffs purchased the products mentioned in the charts reporting the lab results, this argument lacks merit.

Second, the Falcone Defendants argue that the plaintiffs have not sufficiently pled a cognizable injury under the GBL because they did not state the exact purchase prices of the products. Def. Br. 12. In the complaint, the plaintiffs state that the defendants induced consumers to buy Mauzone Mania products at inflated prices. Compl. ¶ 18. At the pleading stage, it is sufficient to simply allege that the "plaintiff[s] paid a premium for a product based on the defendant's inaccurate representations." *Stoltz v. Fage Dairy Processing Indus.*, S.A., No. 14-CV-3826 MKB, 2015 WL 5579872, at *22 (E.D.N.Y. Sept. 22, 2015). Thus, the New York Court of Appeals has held that a plaintiff may adequately plead injury under GBL § 349 "where a distributor asserts that its bottled water is from a pure and pristine mountain stream while in reality, it was only tap water." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56, 720 N.E.2d 892, 898 n.5

6

(1999). Similarly, by contending that they overpaid because of the "unique nutritional traits" described in the products' labels, Compl. ¶ 26, the plaintiffs sufficiently allege a cognizable injury at this stage to satisfy Rule 8(a).

Nevertheless, although the complaint pleads product details sufficient to support the GBL claims, it falls short of satisfying Rule 9(b) for the common law fraud claims. "Conclusory statements and allegations are not enough to meet the Rule 9(b) pleading requirements." *Dash v. Seagate Tech. (U.S.) Holdings, Inc.,* 27 F. Supp. 3d 357, 362 (E.D.N.Y. 2014) (quoting *Musalli Factory for Gold & Jewellry Co. v. JPMorgan Chase Bank, N.A.,* 382 Fed.Appx. 107, 108 (2d Cir.2010)) (citations omitted). Because the plaintiffs do not state the purchase price of the Mauzone Mania products, the prices of comparable products, and the exact products purchased, the complaint fails to meet Rule 9(b)'s heightened pleading standard. This defect provides an additional reason to dismiss the common law fraud claims.

### III. Class Certification

The Falcone Defendants also move to strike the nationwide class, arguing that GBL §§ 349 and 350 require that all transactions occur within New York, and it is probable that the members of the class *outside* of New York likely purchased the products in their home states. Def. Br. 20-21. Moreover, the Falcone Defendants argue that the common law fraud claims cannot be brought as a nationwide class because the laws of all 50 states would have to govern and the nationwide class would become unmanageable. Def. Br. 21. Both of these issues relate to class certification and should be deferred to the class certification stage when the record is more fully developed. *See Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 228 (E.D.N.Y. 2015); *Kaatz v. Hyland's Inc.*, No. 16 CV 237 (VB), 2016 WL 3676697, at *5 (S.D.N.Y. July 6, 2016); *Mazzola v. Roomster*

7

*Corp.*, 849 F. Supp. 2d 395, 410 (S.D.N.Y. 2012).

## CONCLUSION

The N.Y. Gen. Bus. Law §§ 349 and 350 claims and the common law fraud claims are dismissed with leave to replead within 30 days of the date of this order. The claim for unjust enrichment—which has been withdrawn, Pl. Opp. 14—and the claim for injunctive relief are dismissed without leave to replead. The motion to strike the class is denied.

**SO ORDERED.**

Brooklyn, New York
July 31, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge